IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SUNDEE ANN DAVIS,              )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )        2:14cv308-MHT
                               )             (WO)
AUTOMATIC FOOD SERVICE,        )
INC., et al.,                  )
                               )
     Defendants.               )
```

OPINION AND ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The plaintiff's complaint fails to meet this standard. The plaintiff has sued defendant Pamela Little in her capacity as personal representative for the estate of a decedent. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...." 28 U.S.C. § 1332(c)(2).

Because the complaint sets forth only the citizenship of the personal representative and not that of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

The complaint here is also insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': James Ray & Associates, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." Id. (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

Finally, the complaint is insufficient because it does not indicate the citizenship of defendants USAA Casualty Insurance Company and State Farm Mutual Automobile Insurance Company. If the entity is a corporation, then the complaint

must allege the citizenship of both the State of incorporation <u>and</u> where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(2); <u>American Motorist Insur. Co. v. American Employers' Insur. Co.</u>, 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members. <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987). If the entity is a limited liability company, the complaint must allege, as stated, "[t]he citizenships of all members of the limited liability company." <u>Rolling Greens MHP, L.P.</u>, 374 F.3d at, 1022. (And if, as stated, the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until May 12, 2014, to amend the complaint to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 8th day of May, 2014.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**