```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


SUNDEE ANN DAVIS,             )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )      2:14cv308-MHT
                              )          (WO)
AUTOMATIC FOOD SERVICE,       )
INC., et al.,                 )
                              )
                              )
     Defendants.              )
```

OPINION AND ORDER

Plaintiff Sundee Ann Davis brings this lawsuit against several defendants, including James Leon McGaughy, seeking to recover for injuries she suffered in a car accident. Diversity-of-citizenship jurisdiction is proper under 28 U.S.C. § 1332. This case is before the court on Davis's motion for service by publication on McGaughy. The motion will be denied.

## I. FACTUAL BACKGROUND

This case arises out of a collision on an Alabama road.  Reading the facts as garnered from the complaint, Davis was traveling northbound on the road while another driver and McGaughy were traveling southbound on the same road. McGaughy hit the other driver from behind, sending the other driver into the oncoming lane of traffic, where he collided with Davis.

Davis filed suit against McGaughy among others and has since tried and failed to serve McGaughy on a number of occasions.  She attempted to serve the original complaint on him at his last known address by certified mail, but the mail was undeliverable.  She then tried to send an amended complaint to the same address, and it was undeliverable.

As a final step, Davis tasked an investigator with finding McGaughy.  The investigator first used past phone and power bills to confirm McGaughy's last-known address, but he found that address vacant.  He also tried, but

failed, to locate McGaughy at all prior addresses and places of employment. Last, he checked to see if McGaughy was not receiving mail because he was incarcerated, but McGaughy had not been incarcerated.

## II. DISCUSSION

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service to be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, the district court is located in and service is sought to be made in Alabama.

Alabama law permits service by publication "when [1] a defendant avoids service and [2] that defendant's present location or residence is unknown and [3] the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt

shows a failure of service." Davis v. Summler, 2014 WL 1492876, at *1 (M.D. Ala. Apr. 16, 2014) (Thompson, J.) (emphasis in original)(citing Ala. R. Civ. P. 4.3(c)). The party or party's counsel must also submit an affidavit averring these facts. Ala. R. Civ. P. 4.3(d).

Davis satisfies the second and third factors. She attempted and failed several times at locating McGaughy's present location, and the investigator issued an affidavit to that effect.

Davis fails, however, to show the first factor of avoidance. Avoidance plays a central role in the inquiry because, "[w]ithout this element of culpability on the part of the defendant when plaintiff has failed to obtain service other than by publication, substantial constitutional questions may be posed by the obtaining of an in personam judgment by publication." Committee Comments to Ala. R. Civ. P. 4.3(c). Merely conducting a diligent search and hiring a process server is not enough. Beasley v. United States, 162 F.R.D. 700, 701

4

(M.D. Ala. 1995) (Albritton, J.) (rejecting implication that defendant must be avoiding service because defendant cannot be located after a diligent search). Instead, the plaintiff must point to specific evidence that the defendant knows about the potential service and is avoiding it. See Summler, 2014 WL 1492876, at *1-*2 (holding that defendant had notice and avoided it when defendant accepted an earlier preservation letter, and an insurer for the defendant contacted the plaintiff).

None of Davis's evidence proves that McGaughy is avoiding contact.  For example, he has not previously accepted or responded to letters from Davis, nor did friends or former employers suggest that he had recently moved to avoid the lawsuit.  As in Beasley, an exhaustive search in this case without evidence of avoidance is not enough for service by publication. Indeed, the only discussion of avoidance in Davis's motion is a conclusory allegation that "McGaughy has avoided service," Motion to

Serve by Publication (doc. no. 47) at 3, and that bare allegation does not meet the requirement.

Because Davis failed to satisfy all the requirements under Alabama law, the court finds that she is not authorized to serve McGaughy by publication.

***

For the foregoing reasons, it is ORDERED that plaintiff Sundee Ann Davis's motion to serve defendant James Leon McGaughy by publication (doc. no. 47) is denied.

DONE, this the 21st day of August, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE