IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SUNDEE ANN DAVIS,            )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )       2:14cv308-MHT
                             )           (WO)
AUTOMATIC FOOD SERVICE,      )
INC., et al.,                )
                             )
     Defendants.             )
```

OPINION AND ORDER

This lawsuit is before the court on plaintiff Sundee Ann Davis's motion for leave to file a third amended complaint, which adds a new cause of action against defendant Automatic Food Service. Automatic Food argues that the allowance of the amendment would be untimely and prejudicial. Based on the representations made on the record today and for the reasons that follow, the motion for leave to file a third amended complaint will be granted.

I.   LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, leave to amend "shall be freely given when justice so requires."  A plaintiff should generally be allowed to test her claim on the merits, but the liberal amendment policy prescribed by Rule 15 does not mean that leave will be granted in all instances. Indeed, district courts may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." in determining whether "justice so requires" that leave to amend be granted. Foman v. Davis, 371 U.S. 178 (1962); see also Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996); Courtney v. Clark, 2007 WL 2786368, at *1 (M.D. Ala. 2007) (Thompson, J.).

II. FACTUAL HISTORY

2

This case arises out of a collision on an Alabama road in September 2012. Reading the facts as garnered from the complaint, the court distills that Davis was traveling northbound on the road while defendant Melvin Little and defendant James Leon McGaughy were traveling southbound on the same road. McGaughy hit Little from behind, sending Little into the oncoming lane of traffic, where he collided with Davis. At the time of the collision, Little was talking on his cell phone to get directions and was employed by defendant Automatic Food Service.

### III. PROCEDURAL HISTORY

- September 18, 2012: The car wreck at issue in this case occurs.

- April 25, 2014: Davis files first complaint.

- May 12, 2014: Davis files first amended complaint.

- May 22, 2014: Automatic Food files an answer to first amended complaint.

- August 13, 2014: Davis moves for leave to file second amended complaint. It does not affect claims against Automatic Food.

- August 18, 2014:  Court grants leave to file second amended complaint.

- September 5, 2014:  Automatic Food answers second amended complaint.

- February 10, 2015:  Joint motion to extend deadlines granted, making February 27, 2015, the last day to file an amended pleading.

- February 27, 2015:  Davis moves for leave to file third amended complaint with additional claims for (i) Automatic Food's failure to inform and train its employees on its cell-phone policy and (ii) failure to give Little directions on the day of the wreck, which caused him to use his cell phone.


IV. DISCUSSION

Automatic Food alleges that the filing in this case was untimely and prejudicial.  Specifically, it argues that the wreck occurred almost three years ago, memories of its personnel have faded, and some of its employees involved in the alleged negligence have since left the company.  The court disagrees for several reasons.

First, the filing was not untimely.  As a threshold, this motion was filed within the deadline set by the uniform scheduling order.  Although that deadline is not a complete safe harbor, it does give

4

Davis the benefit of the liberal amendment policy under Rule 15. Indeed, the reason to have those deadlines in the scheduling order is to force plaintiffs to amend a complaint with enough notice. Moreover, Davis's counsel explained that she did not find out that Automatic Food might not be training its employees on the cell-phone policy until another employee's deposition in September 2014 and that she wanted to wait until deposing Automatic Food's corporate representative to decide whether to amend the claim. But that deposition was recently pushed back until after the scheduling deadline, and Davis's counsel could not wait to confirm the other employee's testimony before amending her claim. In sum, while Davis probably could have amended her claim earlier, the court does not find her motion untimely under Rule 15's generous standards.

Second, it is unclear how Automatic Food was prejudiced. As defense counsel admitted, he understood from the first complaint that Automatic Food's cell-phone policy would be at issue because it would go

5

to whether Little, its employee, was negligent or wanton in using his cell phone while driving. This issue would raise the question of what Automatic Food's cell-phone policy was at the time of the wreck, whether Automatic Food told Little about it, and, if so, why he was not following it. Therefore, from the beginning of the lawsuit, Automatic Food should have been aware that the cell-phone policy was an issue in the lawsuit.

***

For the foregoing reasons, it is ORDERED that plaintiff Sundee Ann Davis's motion for leave to file plaintiff's third amended complaint (doc. no. 78) is granted.

DONE, this the 17th day of April, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE