IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SUNDEE ANN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:14cv308-MHT |
| | ) | (WO) |
| AUTOMATIC FOOD SERVICE, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This personal-injury lawsuit arises out of a three-vehicle accident. The plaintiff is Sundee Ann Davis and the defendants are Automatic Food Service, Inc., James Ray & Associates, and James McGaughy. Davis was injured when a box truck hit the rear of a much smaller pick-up truck, causing the pick-up truck to veer into oncoming traffic and collide head-on with her car. In addition to bringing negligent- and wanton-driving claims against all three defendants, Davis brings a negligent-entrustment claim against James Ray & Associates and a negligent-training claim

against Automatic. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

This case is now before the court on Automatic's motion for summary judgment in its favor on all claims. The motion will be granted as to the negligent-training claim and denied as to the negligent- and wanton-driving claims.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding whether summary judgment should be granted, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. BACKGROUND

The relevant facts, taken in the light most favorable to Davis, are as follows. At the time of the accident, Melvin Wayne Little, an Automatic employee, was driving a pick-up truck southbound on a two-lane highway, heading to a manufacturing plant. McGaughy was driving a fully loaded box truck directly behind Little. Davis was traveling in the opposite direction, northbound on the same highway, which was still wet from rain earlier in the day.

Little slowed down and sped up several times trying to locate the road he needed to take in order to reach the manufacturing plant. In violation of Automatic's cell-phone policy, he used his hand-held company cell phone to call a co-worker to ask for directions. Little told his co-worker that he was going to turn on to the road to the plant, but he did not activate his turn signal. Instead, shortly before reaching the road that leads to the plant, Little hit his brakes a few

3

times and stopped suddenly.  McGaughy tried to avoid hitting Little but still rear-ended him.  The impact caused Little's pick-up truck to move into northbound traffic and crash head-on into the car that Davis was driving.  Little died as a result of the accident, and Davis sustained serious injuries.

## III. DISCUSSION

Automatic moves for summary judgment on Davis's negligent- and wanton-driving claims stemming from Little's operation and driving of the pick-up truck, and on Davis's negligent-training claim.  There is no dispute that Little was acting within the scope of his employment with Automatic when the accident occurred and that Automatic can therefore be held liable for his actions.

### A. Negligent-Driving Claim

In order to prevail on a negligence claim, a plaintiff must prove four elements: duty, breach,

causation, and damages. Sessions v. Nonnenmann, 842 So. 2d 649, 651 (Ala. 2002). Davis contends that Little was negligent for not following the laws of the road and for using a cell phone while driving. First, the duties of a driver include not "stop[ping] or suddenly decreas[ing] the speed of a vehicle without first giving an appropriate signal ... to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." 1975 Ala. Code § 32-5A-133. The appropriate signal would be "[a] signal of intention to turn right or left ... given continuously not less than the last 100 feet traveled by the vehicle before turning." Id. Second, while there is no Alabama statute that expressly addresses talking on a cell phone while driving, see generally 1975 Ala. Code §§ 32-5A-1 to -352 ("Rules of the Road") (containing in the traffic-law compilation no express prohibition of talking on cell phone while driving), common sense dictates that doing so could result in culpability if it interferes with a driver's duty to

5

use "reasonable care" not to cause harm to others using the public roadway, Jones v. Baltazar, 658 So. 2d 420, 421 (Ala. 1995), with the term reasonable care defined as what "a reasonably prudent person would not do in a similar situation" or what "a reasonably prudent person would have done in a similar situation."  Alabama Pattern Jury Instructions: Civil § 28.01.  A statutory violation or breach of duty is not actionable unless the violation or breach is the proximate cause of the accident.  See Cox v. Miller, 361 So. 2d 1044 (Ala. 1978).

The record establishes a genuine dispute of material fact as to whether Little negligently failed to use his turn signal before the crash and whether he negligently stopped abruptly before the crash.  The driver of the truck immediately behind Little testified that Little "tapped his brakes" about a hundred feet from the road to the plant, but that he did not use his "blinker" or turn signal.  McGaughy Dep. (doc. no. 98-5) at 73:17-74:12.  And a witness to the accident

6


testified that, immediately before the accident, Little "just stopped," and "his blinker or nothing never came on before he stopped."  Day Dep. (doc. no. 98-7) at 15:21-24.  A reasonable finder of fact could conclude that Little breached his reasonable-care duty by not signaling before slowing down and abruptly stopping, and that this breach was the proximate cause of the accident, as it would have not given the driver behind warning of the need to slow down and enough time to do so in order to avoid crashing into Little's car.  Therefore, summary judgment on the negligent-driving claim will be denied.

### B. Wanton-Driving Claim

Davis also claims that Little was wanton in his operation of his pick-up truck.  Wantonness can result from (1) "conscious disregard," 1975 Ala. Code § 6-11-20(b)(3), or (2) "reckless indifference," <u>Martin v. Arnold</u>, 643 So. 2d 564, 567 (Ala. 1994).  According to the Alabama Supreme Court, "Wantonness is not merely

a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability." Tolbert v. Tolbert, 903 So. 2d 103, 114 (Ala. 2004) (internal citations omitted). While negligent conduct is characterized by "inattention, thoughtlessness, heedlessness," and "a lack of due care," Monroe v. Brown, 307 F. Supp. 2d 1268, 1271 (M.D. Ala. 2004) (Thompson, J.), wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result," Ex parte Essary, 992 So. 2d 5, 9 (Ala. 2007) (emphasis in original).

A factfinder may find wantonness based on recklessness if the conduct is "so inherently reckless that it would signal the kind of depravity consistent with disregard of instincts of safety and self-preservation." Jinright v. Werner Enterprises,

8

Inc., 607 F. Supp. 2d 1274, 1276-1277 (M.D. Ala. 2009) (Thompson, J.) (internal quotations omitted).

The evidence before the court establishes a genuine dispute of material fact whether Little's conduct was 'inherently reckless.'[1] As stated, a witness to the accident testified that, immediately before the accident, Little "just stopped," and "his blinker or nothing never came on before he stopped." Day Dep. (doc. no. 98-7) at 15:21-24. And the driver of the truck behind him also said that Little abruptly stopped as he approached the road to the plant. McGaughy Dep. (doc. no. 98-5) at 70:16-23. A reasonable jury could find that abruptly stopping on a wet road with two-way traffic while talking on a cell phone is "inherently

---

1. Although Automatic disputes that Little came to an abrupt stop and offers evidence from the pick-up truck's air-bag-control manual that Little did not completely stop but rather slowed down gradually from 27 to 12 mph before the accident, evidence must be viewed in the light most favorable to the non-moving party on summary judgment. In any event, there is substantial evidence that Little failed to use his turn signal.

9

reckless conduct" and therefore constitutes wantonness. Jinright, F. Supp. 2d. at 1277.

This court's decision in Craft v. Triumph Logistics, Inc., 2015 WL 1565003 (M.D. Ala. April 8, 2015) (Thompson, J.), does not warrant a different conclusion. In Craft, a truck-accident case, the court granted summary judgment for the defendant on the plaintiff's wantonness claim because the evidence established only that the defendant was inattentive in not using his turn signal or looking left before driving into the left lane. As the court there noted, there was no "exacerbating circumstance," such as the defendant's "talking on his phone or texting," that could have supported a finding of wantonness. 2015 WL 1565003, at *3.

Here, in contrast, the evidence establishes "something more" than mere inattentiveness or violation of road rules. Craft, 2015 WL 1565003, at *3. The jury could find two exacerbating circumstances: that Little was talking on his cell phone at the time of the

accident, and that the roads were wet, a condition that arguably called for drivers to use greater caution. See Hornady Truck Line, Inc. v. Meadows, 847 So. 2d 908, 915-916 (Ala. 2002) (finding sufficient evidence of wantonness where facts included driver's inattentiveness, combined with high rate of speed and adverse weather conditions).  Because the evidence is sufficient for a jury to find wantonness, Automatic's summary-judgment motion will be denied as to Davis's wanton-driving claim.

### C. Negligent-Training Claim

Davis also claims that Automatic negligently trained Little by not ensuring that he read the company's cell-phone policy, which advised drivers to pull over where possible before talking on cell phones. In order to bring a negligent-training claim, Davis must show that (1) Little engaged in a tort recognized under Alabama law, see Stevenson v. Prevision Standard, Inc., 762 So. 2d 820, 824 (Ala. 1999); (2) Little was

11

not competent to drive his commercial vehicle, see Lane v. Central Bank of Alabama, N.A., 425 So. 2d 1098, 1100 (Ala. 1983); (3) Automatic had actual or constructive notice that Little was incompetent, see Armstrong Bus. Servs., Inc. v. AmSouth Bank, 817 So. 2d 665, 682 (Ala. 2001); and (4) Automatic negligently failed to respond to this notice.  See id.

As discussed above, Davis has established a genuine dispute as to whether Little was negligent in his driving on the day of the accident.  However, Davis has not put forth sufficient evidence for a jury to find that Little was otherwise generally incompetent to drive Automatic's vehicle.  "Incompetence" is defined as the "state or fact of being unable or unqualified to do something."  Halford v. Alamo Rent-A-Car, LLC, 921 So. 2d 409, 416 (Ala. 2005) (quoting Black's Law Dictionary 780 (8th ed. 2004)).  In Alabama, "the incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle," Halford, 921 So. 2d at 413-14, and this may

12

be measured by characteristics such as "general incompetence" or "habitual negligence," Edwards v. Valentine, 926 So. 2d 315 (Ala. 2005).

Little's driving record is not sufficient to establish incompetence. It indicates only one accident (and does not include who was at fault) and a citation for running a red light, both more than a decade before the accident at issue in this lawsuit.[2] In addition, Little had driven for years as a licensed driver. See Halford, 921 So. 2d 409, 417 (explaining that a driver's competence is determined by "evidence relevant to that person's mental and physical abilities and his or her prior driving experience and record."). The evidence is insufficient for a reasonable jury to find Little generally incompetent.

Because Davis cannot establish that Little was an incompetent driver, summary judgment will be granted in favor of Automatic on her negligent-training claim.

---

2. Davis offers no evidence that McGaughy had previously used his cell-phone in an incompetent manner while driving.

13

* * *

For the foregoing reasons, it is the ORDER of the court that defendant Automatic Food Service, Inc.'s motion for summary judgment (doc. no. 98) is granted as to plaintiff Sundee Ann Davis's negligent-training claim and is denied as to her negligent- and wanton-driving claims.

DONE, this the 23rd day of November, 2015.

                                  /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**